[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14175

_____

D.C. Docket No. 1:16-cv-01482-SCJ

THENI GURU KRISHNA TEXTILE MILLS, LTD,

Plaintiff-Appellee,

versus

WORLD'S GLOBAL SOURCE, LLC,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 30, 2021)

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR, and ED CARNES, Circuit Judges.

PER CURIAM:

World's Global Source (WGS) appeals from judgment in favor of Krishna Textile Mills (ATK).  Because we write for the parties and the district court, all of whom are familiar with this case, we will not belabor the procedural history and facts.

WGS raises three issues.  One is based on its contention that the district court erred by denying WGS summary judgment on ATK's quantum meruit and unjust enrichment claims.  That contention is barred by the well-established rule that issues arising from denials of summary judgment do not survive a trial of the case to final judgment.  See Pensacola Motor Sales, Inc. v. E. Shores Toyota, LLC, 684 F.3d 1211, 1219–20 (11th Cir. 2012).

WGS argues that we should not apply that rule because there were three claims against it in the case at the time it was denied summary judgment.  And it got summary judgment on the corporate guaranty claim.  As a result, if it had also gotten summary judgment on the quantum meruit and unjust enrichment claims, WGS would not have had to go to trial on any of ATK's claims.  And if there had been no trial, ATK would not have had an opportunity to amend its complaint to add the breach of contract claim.  And if ATK had not had that opportunity to amend, there would have been no judgment against WGS on the breach of contract claim.  Maybe, but there is no authority for a collateral damage exception to the

2

rule that issues arising from the denial of summary judgment do not survive trials that result in final judgment.

The second issue WGS raises concerns the district court allowing ATK to amend its complaint during the first part of the trial. That happened when WGS moved for judgment as a matter of law at the end of ATK's presentation of its case. ATK responded by moving under Federal Rule of Civil Procedure 15(b) to amend its complaint to conform to the evidence, a motion the court granted. The amendment added a breach of contract claim based on the purchase orders and invoices. WGS contends that was an abuse of discretion because the evidence presented at trial was relevant to the unjust enrichment and quantum meruit claims as well as the newly added breach of contract claim. But there is no requirement that a claim-adding amendment cannot be granted unless it is based on evidence that is irrelevant to any claim already in the case.

WGS argues that the court's action in allowing the claim to be added was prejudicial, but that argument has no basis. The district court recessed the bench trial for four-and-a-half weeks so that WGS would have plenty of time to prepare for the new claim. See Doe #6 v. Miami-Dade County, 974 F.3d 1333, 1340 (11th Cir. 2020) ("Prejudice in Rule 15(b)'s context means a lack of opportunity to prepare to meet the unpleaded issue.") (cleaned up) (quotation marks and citation omitted). And WGS was well aware of the breach of contract, having argued that

3

the unjust enrichment and quantum meruit claims ought to be rejected because it was really a breach of contract case. A party should not be heard to complain when a court allows an amendment to conform the case to what that party has asserted is its true nature. Nor should a party be heard to complain that it was prejudiced because an amendment allowed a meritorious claim to be asserted against it.

The third issue is WGS's contention that the district court abused its discretion by denying its motion to exclude the 88 documents — purchase orders, invoices, and proofs of delivery — that proved ATK's breach of contract claim. The motion to exclude was based on those documents not being produced during the discovery period but only a short time before (the first part of) the bench trial began. As the district court reasoned, all of the purchase orders were generated by WGS and the other documents were sent to it during the life of the contract. We would add that WGS had plenty of time to examine the documents during the four-and-a-half week recess the district court granted between the first and second parts of the bench trial. The ATK witness who testified about the documents was cross-examined by WGS not only during the first part of the trial but also during the second part.

The district court applied the Federal Rules of Civil Procedure the way that Rule 1 provides courts should apply them: "These rules . . . should be construed,

administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The court did not abuse its discretion in doing so.

**AFFIRMED.**[1]

---

[1] This appeal originally was scheduled for oral argument but the panel unanimously agreed to take the case on the briefs after the parties jointly moved for it to do so. See 11th Cir. R. 34-3(f).